IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RODOLFO MEDRANO #999501 | § | |
| VS. | § | CIVIL ACTION NO. 9:11CV70 |
| RICK THALER, ET AL | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On April 13, 2011, Plaintiff Rodolfo Medrano filed this action, putatively on behalf of 45 named plaintiffs, all of whom are allegedly death row prisoners in Texas prison, and an unnamed group of "All Texas Death Row Prisoners." Plaintiff did not bring the lawsuit as a class action, and no motion for class certification was made pursuant to Fed. R. Civ. P. 23. Plaintiff generally seeks greater access to prison telephone privileges for prisoners on death row, to make their access more equivalent to the privileges enjoyed by the general prison population. He alleges that such increased access is typically governed by general population prisoners meeting certain disciplinary requirements and being enrolled in a work or study program, none of which is alleged to be available to death row prisoners.

The civil action was referred to United States Magistrate Judge Judith K. Guthrie. On April 25, 2011, she issued an Order to Show Cause (docket entry #3) why the lawsuit should not be severed into individual lawsuits, or to rely on the outcome of a single lawsuit by one plaintiff. In doing so, she observed that the Prison Litigation Reform Act of 1996 (PLRA) requires prisoners bringing civil actions to pay a filing fee, which in total is $350.00. Each prisoner bringing a complaint jointly, as attempted here, must pay the full filing fee. *See Bouribone v. Berge*, 391 F.3d

1

852, 854-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S. Ct. 1083, 151 L. Ed. 2d 983 (2002); *Beaird v. Lappin*, 2006 WL 2051034, at *3 (N.D. Tex. July 24, 2006). The Magistrate Judge enumerated the reasons why it is preferable for multiple putative plaintiffs, as here, to bring their cases individually.

On May 5, 2011, Plaintiff Medrano responded with a "Motion to Show Cause" and stated, "after careful consideration and consulting with other named and unnamed plaintiff hereby request unnamed plaintiff Tony Ford, TDCJ# 99905 remain named plaintiff," and that Ford would thereafter submit a completed *in forma pauperis* request. *See* Docket Entry #5 at 1. He also requested that "all other named and other unnamed plaintiffs be severed completely from further proceedings in this cause." *Id*. However, Plaintiff Medrano also indicated he would remain an active participant in the lawsuit and would file a motion for appointment of counsel. *Id*. at 2.

On May 20, 2011, the Magistrate Judge issued a Report and Recommendation (docket entry #8) concluding that all named and unnamed putative plaintiff except for Plaintiff Medrano and putative plaintiff Tony Ford should be dismissed without prejudice pursuant to Fed. R. Civ. P. 21 & 41. She further recommended that putative plaintiff Ford thereafter be severed from the instant action and a new action be initiated on his behalf, with him to file a new complaint in the new action consistent with her Report and Recommendation within 30 days of severance. Plaintiff has not filed any objection to this Report and Recommendation.

On June 3, 2011, Plaintiff Medrano did file a Motion for Leave to File an Amended Complaint (docket entry #10) as a class action pursuant to Fed. R. Civ. P. 23. However, he has not filed an actual proposed amended complaint for consideration and his motion itself is inconsistent with both his original complaint and with his considered response in his Motion to Show Cause. Therefore, his Motion for Leave to Amend will be denied. No objections having been timely filed

2

to the Magistrate Judge's Report and Recommendation, the Court is of the opinion that her findings and conclusions are correct, and adopts same as the findings and conclusions of the Court. It is therefore

**ORDERED** that Plaintiff Medrano's Motion to Show Cause (docket entry #5) be **GRANTED** and that all named and unnamed putative plaintiff except for Plaintiff Medrano and putative plaintiff Tony Ford be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 21 & 41. It is further

**ORDERED** that putative plaintiff Ford be **SEVERED** from the instant action and that the Clerk initiate a new action on his behalf, with him to file a new complaint in the new action consistent with this Order within 30 days of severance. It is finally

**ORDERED** that Plaintiff Medrano's Motion for Leave to File an Amended Complaint (docket entry #10) is **DENIED**.

**IT IS SO ORDERED**.

So **ORDERED** and **SIGNED** this **15** day of **July, 2011.**

_____
Ron Clark, United States District Judge